The Honorable James C. Scott State Senator #1 Scott Drive Warren, AR 71671
Dear Senator Scott:
This is in response to your request for an opinion regarding whether the Saline County Rural Development Authority can condemn for its own use a lake within its boundaries that is owned and used as a water supply by the City of Little Rock. Based on the facts as you describe them, it is my opinion that a court would probably prohibit the Authority from condemning this property.
The power of eminent domain is an attribute of the sovereignty, and the procedure for exercising the power is a matter for legislative regulation. City of Little Rock v. Sawyer,228 Ark. 516, 309 S.W.2d 30 (1958). The State's right of eminent domain is set out in Art. 2, § 23 of the Arkansas Constitution. Any delegation of the State's power of eminent domain must be clearly expressed by statute or necessarily implied. Columbia CountyRural Development Authority v. Hudgens, 283 Ark. 415,678 S.W.2d 324 (1984). Further, statutes governing the power of eminent domain should be strictly construed in favor of the landowner.City of Osceola v. Whistle, 241 Ark. 604, 410 S.W.2d 393
(1966).
The original Rural Development Authority Act, passed in 1963, included a delegation of the power of eminent domain to rural development authorities created thereunder. See Act 172 of 1963. However, the legislature removed that power from the Act in 1967. See Act 75 of 1967. Thus, the current Rural Development Authority Act, A.C.A. § 14-188-101 to -122 (1987), does not include the power of eminent domain and the Saline County Rural Development Authority may only exercise the power of eminent domain as authorized by statute based on the purpose being served by the authority.
See Columbia County Rural Development Authority v. Hudgens,283 Ark. 415, 678 S.W.2d 324 (1984).
Statutory authority for exercising the power of eminent domain in this particular instance may be found in A.C.A. § 18-15-601
(1987), which provides, in pertinent part, that municipal corporations and all corporations organized for the purpose of supplying any town, city, or village in this state, or the inhabitants thereof with water may exercise the power of eminent domain. In Hudgens, supra, the Arkansas Supreme Court found that the Columbia County Rural Development Authority was a corporation organized for the purpose of providing water to several municipalities in Arkansas and accordingly held that the Authority could exercise the power of eminent domain under §18-15-601. It is likewise my opinion that if a court determined that the Saline County Rural Development Authority was organized for the purpose of providing water to one or more municipalities in Arkansas, it would find that the Authority could exercise the power of eminent domain to obtain property for a water supply.
Even if the Saline County Rural Development Authority is authorized to exercise the power of eminent domain under §18-15-601, the fact that the property targeted for condemnation is already devoted to a public use may prevent the Authority from being able to exercise the power in this particular instance. Property devoted to a public use is not ordinarily subject to the power of eminent domain absent specific legislative authorization therefor. See 26 Am. Jur. 2d Eminent Domain § 88 (1966).See also generally Annotation, Power of Eminent Domain asBetween State and Subdivision or Agency thereof, or as BetweenDifferent Subdivisions or Agencies Themselves, 35 A.L.R.3d 1293 (1971). Of course, there are exceptions to this general rule, as noted below. Id.
In determining whether property already devoted to a public use is subject to the power of eminent domain, the primary consideration is the character of the condemnor. J. Sackman P. Rohan, Nichols on Eminent Domain § 2.2 (Rev. 3d ed. 1985). For example, there is no prohibition against the United States or the State itself exercising the power of eminent domain against public property. When other condemnors are involved, however, the vulnerability of public property to the power of eminent domain depends upon the proposed use of the property. Id. at § 2.2[7].
If the proposed use of the property would either destroy the existing use or interfere with that use to an extent tantamount to destruction, the power of eminent domain may not be exercised unless specifically authorized by the legislature or necessarily implied in the legislative grant of the power of eminent domain.Id. at § 2.2. If both uses of the property may exist simultaneously, the power of eminent domain can be exercised without specific legislative authorization to condemn public property; a general grant of the power of eminent domain would suffice. Finally, if the proposed use of the property is similar to the existing use, the exercise of the power of eminent domain is not generally allowed, because it would amount to a mere transfer of the property from one entity to another without any benefit to the public. Id. at § 2.2 [9]; 29A C.J.S. EminentDomain § 75 (1965).
It is difficult to answer your question conclusively because of the numerous fact questions involved. Based on the specific facts described, however, namely, that Lake Winona is owned and currently used as a water supply for Little Rock, it is my opinion that because Lake Winona is already devoted to a public use and because the proposed use of the lake is the same as the existing use, a court would probably not allow the Saline County Rural Development Authority to condemn the lake.
You have also asked if there are other means by which Saline County might obtain the right to use the water in Lake Winona, if Little Rock continues to refuse to sell its water. While Saline County might be authorized to exercise the power of eminent domain to acquire the property for a water supply under A.C.A. §18-15-202 (1987), that power would be subject to the limitations set forth above, and, for the same reasons, the condemnation would likely be prohibited. We are aware of no other legal right of Saline County to the property of Lake Winona. We suggest that private counsel be consulted regarding possible further negotiations with respect to the use of the water by Saline County.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
WB/CT/dwv